Jack Russo (Cal. Bar No. 96068)
Christopher Sargent (Cal. Bar No. 246285)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800
(650) 618-1863 fax
jrusso@computerlaw.com
csargent@computerlaw.com

Attorneys for Plaintiff
SUSAN BARTON

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Bright Solutions for Dyslexia, Inc.,** a California corporation, and **Susan Barton**, an individual;<br><br>Plaintiff;<br><br>v.<br><br>**Doe 1, a.k.a. "Marcus Lee," Does 2–25**; and **Roe entities 26–50**, inclusive,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT FOR:**<br><br>(1) TRADEMARK COUNTERFEITING,<br>(2) TRADEMARK INFRINGEMENT,<br>(3) TRADEMARK CONTRIBUTORY INFRINGEMENT,<br>(4) COPYRIGHT INFRINGEMENT,<br>(5) CONTRIBUTORY COPYRIGHT INFRINGEMENT, AND<br>(6) VICARIOUS COPYRIGHT INFRINGEMENT<br><br>**JURY TRIAL DEMANDED** |

Complaint                                                                                           Case No. _____

Plaintiff Bright Solutions for Dyslexia, Inc., and Susan Barton allege against Defendants Doe 1, also known as "Marcus Lee," Does 2–25, and Roe corporations 26–50, and each of them ("<u>Defendants</u>"):

1. This is a complaint for direct and contributory copyright and trademark infringement and counterfeiting arising from the unauthorized copying, production, distribution, sales, and offers to sell unauthorized counterfeit versions of the copyrighted Barton Reading & Spelling System using spurious trademarks in violation of Plaintiff's federal copyrights and trademark rights.

## THE PARTIES

2. Susan Barton is a citizen of the United States, and the author and developer of the copyrighted Barton Reading & Spelling System, a program and materials for instructing dyslexic students in literacy.

3. Bright Solutions for Dyslexia is a California corporation with its primary place of business in San Jose, California. Bright Solutions for Dyslexia is the owner of registered trademarks used in the sale and advertisement of the copyrighted Barton Reading & Spelling System.

4. Defendant Doe 1 is a person using the eBay account "kingmarco14" with a shipping address in Newport Beach, California and the Google Gmail account "marcuslee215@gmail.com."

5. Plaintiffs are unaware of the true identities of Defendant Does 2–25, who are joint tortfeasors in the direct, contributory, and vicarious infringing acts described, and Plaintiff will seek leave of the Court to take expedited discovery and to amend the complaint once their identities have been discovered.

6. Plaintiffs are unaware of the true identities of Defendant Roe entities 26–50 who are joint tortfeasors in the direct, contributory, and vicarious infringing acts described, and Plaintiff will seek leave of the Court to take expedited discovery and to amend the complaint once their identities have been discovered.

Complaint                                               1                                      Case No. _____

## JURISDICTION AND VENUE

7. This Court has exclusive jurisdiction of this suit under 28 U.S.C. §§ 1331, 1332, and 1338.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiffs are residents of this District and the claims arose in this District.

## BACKGROUND FACTS

9. Plaintiff Susan Barton is the author and owner of the federal copyrights (the "Barton Copyrights") on her wholly original program and materials, of which each work constitutes a separate and independent work (collectively, the "Copyrighted Barton System") as follows:

   A. Barton reading and spelling system, Registration No. PA0001013211 (Dec. 21, 2000);

   B. Barton reading & spelling system : bk. 1, Registration No. TX0005266778 (Aug. 21, 2000);

   C. Barton reading & spelling system : bk. 1, phonemic awareness, Registration No. TX0005266762 (Aug. 21, 2000);

   D. Barton reading and spelling system : bk. 2, Consonants and short vowels, Registration No. PA0001013202 (Aug. 21, 2000);

   E. Barton reading & spelling system : bk. 2, consonants & short vowels, Registration No. TX0005266763 (Aug. 21, 2000);

   F. Barton reading and spelling system : bk. 3, Closed syllables, Registration No. PA0001013203 (Aug. 21, 2000);

   G. Barton reading and spelling system : bk. 3, closed syllables, Registration No. TX0005266764 (Aug. 21, 2000);

   H. Barton reading and spelling system : bk. 4, Syllable division & vowel teams, Registration No. PA0001020830 (Dec. 11, 2000);

   I. Barton reading and spelling system : level 4, syllable division & vowel teams, Registration No. TX0005329391 (Dec. 11, 2000);

J.  Barton reading and spelling system, bk. 5, Prefixes & suffixes, Registration No. PA0001020826 (Dec. 11, 2000);

K.  Barton reading and spelling system, bk. 5, Prefixes & suffixes, Registration No. TX0005580740 (Dec. 11, 2000);

L.  Barton reading & spelling system : book for level 6 : six reasons for silent E, Registration No. TX0005772289 (Jun. 20, 2003);

M.  Barton reading & spelling system : book for level 7, vowel-R syllables, Registration No. TX0005792513 (May 19, 2003);

N.  Barton reading & spelling system : book for level 8 : advanced vowel teams, Registration No. TX0005772288 (Jun. 20, 2003);

O.  Barton reading & spelling system : book for level 9, Influence of foreign languages, Registration No. TX0005792512 (May 19, 2003);

P.  Dyslexia: testing & teaching, Registration No. PA0001056854 (Aug. 28, 2001);

Q.  Classroom accommodations for dyslexic students, Registration No. PA0001056855 (Aug. 28, 2001);

R.  Could it be dyslexia? Registration No. PA0001029824 (Feb. 12, 2001); and

S.  Handout for our video Could it be dyslexia? Registration No. TX0005382103 (Feb. 13, 2002).

10.  **Exhibit 1** is true and correct copies of the copyright registration listings for the Barton Copyrights obtained from the U.S. Copyright Office online.

11.  Plaintiff Bright Solutions for Dyslexia is the owner of the federal trademarks (collectively the "Barton Marks"):

A.  BARTON READING & SPELLING SYSTEM, Registration No. 2,584,586 (Jun. 25, 2002);

B.  BARTON TILES, Registration No. 4,384,849 (Aug. 13, 2013); and

C.  BRIGHT SOLUTIONS FOR DYSLEXIA, LLC, Registration No. 2,593,795 (Jul. 16, 2002).

Computerlaw Group LLP
www.computerlaw.com℠

12. **Exhibit 2** is true and correct copies of the registration certificates of the Barton Marks.

13. On February 12, 2015, Defendant Doe 1, using the eBay username kingmarco14, listed for sale, by eBay auction, a set of the Copyrighted Barton System materials from Level 1, including text, software, and tiles, which were counterfeit copies of those materials copyrighted by Plaintiffs. Plaintiffs have confirmed that these are counterfeit copies by binding and packaging choices which are never used by their authorized printers. **Exhibit 3** is a true and correct copy of a screen capture of the auction status for the auction, available at: http://www.ebay.com/itm/Barton-Reading-amp-Spelling-System-Level-1-/261774739046?nma=true&si=r8SXhTMwmVi%252FFdHs7ExRHQkTxdw%253D&orig_cvip=true&rt=nc&_trksid=p2047675.l2557.

14. The eBay auction also offered the counterfeit materials for sale using the Barton Marks without authorization on counterfeit packaging, cartons, and labels, made to imitate, nearly identically, packaging for authentic and authorized Barton Materials, including a white carton displaying the trademark BARTON READING AND SPELLING SYSTEM. **Exhibit 4** is true and correct copies of photographs of the materials the customer purchased showing the counterfeit Barton Marks on packaging, cartons, and labels.

15. Defendant Doe 1 listed and relisted the auction of the counterfeit materials no fewer than three times under the user name "kingmarco14," prior to their ultimate sale for $180 on February 12, 2014.

16. Defendant Doe 1 also responded to the purchaser's email with a message identifying himself as "Marcus Lee," and having a shipping address in Newport Beach and a Google Gmail address "marcuslee@gmail.com."

17. Upon discovering the counterfeit sale, Plaintiff sent a DCMA takedown notice to eBay, Inc., notifying eBay of the infringing auction, and also requesting information about eBay user alias "kingmarco14."

18. Further, on March 18 and 23, 2015, Defendant Doe 1, using the username kingmarco14, listed for sale, again by eBay auction, two additional sets of the Copyrighted

Complaint 4 Case No. _____

1  Barton System materials from Level 1, including text, software, and tiles, which were counterfeit
2  copies of those materials copyrighted by Plaintiff Susan Barton.  Plaintiffs have confirmed that
3  these are counterfeit copies by binding choices which are never used by their authorized printers.
4  Defendant Doe 1 listed the auction of the counterfeit materials under the user name
5  "kingmarco14" for sale at $200 on March 18 and 23, 2015.

6       19.     Plaintiffs have submitted DCMA takedown notices for all infringement
7  committed by "kingmarco14" between the dates of March 18, 2015 and March 23, 2015 in order
8  to maintain the goodwill that is associated with the BARTON READING & SPELLING
9  SYSTEM copyrights and trademarks. True and correct copies of the DCMA takedown notices
10 sent to eBay are attached as **Exhibit 5** and the removal confirmations from eBay's VeRO claim
11 management office, attached as **Exhibit 6**.

## FIRST CLAIM FOR RELIEF

### Trademark Counterfeiting

14      20.     Plaintiffs incorporate by reference the allegations from Paragraphs 1–19 as if set
15 forth in full and at length here.

16      21.     Plaintiff Bright Solutions for Dyslexia is the owner of the Barton Marks, which
17 are valid and registered trademarks on the principal register entitled to protection from
18 counterfeiting under the Lanham Act.

19      22.     Defendants, and each of them, have placed spurious marks which are identical
20 with, or substantially indistinguishable, from the registered Barton Marks on labeling, containers,
21 documentation, packaging, and counterfeit merchandise itself, in order to make those counterfeit
22 marks and products substantially indistinguishable from genuine articles.

23      23.     The genuine Barton Marks are in use and registered for the same goods on which
24 the counterfeit marks and copies are used, so similar to them that an ordinary purchaser would
25 not be able to tell the difference between the fake mark and a real mark.

26      24.     Defendants, and each of them, were at no time authorized to use the Barton
27 Marks, but counterfeited the Barton Marks with the intention that ordinary purchasers would not
28 be able to tell the difference between fake and real, and to cause mistake, or deceive or confuse

**Computerlaw Group LLP**
www.computerlaw.com[sm]

consumers as to the source and authenticity of these unlawful counterfeit copies, with the result that actual customer confusion has occurred and is likely to continue to occur.

25. The counterfeiting was willful, entitling Plaintiffs to restitution according to proof for an award of up to $2 million in statutory damages per counterfeit mark, per type of goods sold, offered for sale, or distributed.

26. Certain of the Defendants, and each of them, have provided the goods or services necessary to the other Defendants' intentional use of counterfeit marks, with the intention that Defendants would put those goods and services to use in committing the violations; accordingly, Plaintiff is entitled to treble damages and attorneys' fees.

## SECOND CLAIM FOR RELIEF

### Trademark Infringement

27. Plaintiffs incorporate by reference the allegations from Paragraphs 1–26 as if set forth in full and at length here.

28. Plaintiff Bright Solutions for Dyslexia is the owner of the Barton Marks, which are valid and registered federal trademarks entitled to protection under the Lanham Act.

29. Defendants, and each of them, have used the mark in commerce, in connection with the advertising and sale of counterfeit goods without Plaintiff's consent.

30. The unlawful use of the Barton Marks by Defendants, and each of them, has caused actual confusion and is likely to cause further confusion among consumers as to the origin, sponsorship, approval, or authenticity of the counterfeit goods, or as to the affiliation, connection, or association of Defendants, or any of them, with Plaintiff.

31. The unlawful use of the Barton Marks was knowing, intentional, and willful, entitling Plaintiff Bright Solutions for Dyslexia to an increase in the award of actual profits or damages, up to a total damages award of three times the amount in actual profits or damages.

## THIRD CLAIM FOR RELIEF

### Contributory Trademark Infringement

32. Plaintiffs incorporate by reference the allegations from Paragraphs 1–31 as if set forth in full and at length here.

33. Plaintiff Bright Solutions for Dyslexia is the owner of the Barton Marks, which are valid and registered federal trademarks on the principal register entitled to protection under the Lanham Act.

34. Certain of the Defendants, and each of them, have infringed the Barton Marks by using them in commerce to advertise or sell goods such that actual confusion among consumers as to the source, sponsorship, or origin of the products has occurred and is likely to continue to occur.

35. Others of the Defendants, and each of them, have knowingly encouraged or facilitated this illegal and tortious activity, for example, by manufacturing, packaging, labeling, or distributing the counterfeit copies of the Copyrighted Barton System to the order of infringing Defendants such as seller Does 1–10, or inducing other joint tortfeasor Defendants to do so.

36. These Defendants, and each of them, have encouraged or facilitated this illegal and tortious activity by continuing to supply their manufacturing, packaging, labeling, or distribution services to Defendants such as Does 1–10 whom they know or have reason to know are engaging in trademark infringement.

## FOURTH CLAIM FOR RELIEF

### Copyright Infringement

37. Plaintiffs incorporate by reference the allegations from Paragraphs 1–36 as if set forth in full and at length here.

38. Plaintiff Barton has been and still is the sole proprietor of all rights, title, and interest in and to the copyrights in the Copyrighted Barton System original works.

39. Since publication, Plaintiff Barton has published all Copyrighted Barton System materials and all copies of them, or had them printed, bound, and published under her authority or license and in strict conformity with the provisions of the Copyright Act and all other laws governing copyright.

40. At no time has Plaintiff Barton authorized any Defendant to copy, publish, reproduce, adapt, distribute, sell, resell, or prepare derivative works of the Copyrighted Barton System.

41. In conspiracy with each other, Defendants, and each of them, have unlawfully produced, distributed, and sold unauthorized copies of the Copyrighted Barton System, all without Plaintiff Barton's authorization.

42. By reason of the infringement and threatened infringement of Defendants and each of them, Plaintiff Barton has sustained and will continue to sustain substantial injury, loss, and damage to her ownership rights in the copyrighted work.

43. Further irreparable harm to Plaintiff Barton is imminent as a result of this conduct, and Plaintiff Barton is without an adequate remedy at law. Plaintiff Barton is entitled to an injunction restraining Defendants, and each of them and their officers, directors, agents, employees, representatives, and all persons acting in concert with them, from engaging in further such acts of copyright infringement.

44. Plaintiff Barton is further entitled to recover from Defendants, and each of them, the actual damages sustained by Plaintiff Barton as a result of Defendants' acts of copyright infringement, according to proof and in an amount exceeding $100,000.

45. Plaintiff Barton is further entitled to recover from Defendants, and each of them, the gains, profits, and advantages they have obtained, according to accounting and proof, as a result of their acts of copyright infringement..

46. The acts of infringement, and each of them, were willful, knowing, and intentional, such that the award of monetary damages should be increased in the Court's discretion.

## FIFTH CLAIM FOR RELIEF
### Contributory Copyright Infringement

47. Plaintiffs incorporate by reference the allegations from Paragraphs 1–46 as if set forth in full and at length here.

48. Plaintiff Barton is the owner of registered federal copyrights which have been directly infringed as alleged above.

49. Certain Doe Defendants and Roe entities Defendants, and each of them, are liable for contributory infringement because, with knowledge of the infringing activity, they induced, caused, or materially contributed to the infringing conduct of the other Defendants, and each of them, by providing the funding, supplies, exemplar Barton System Materials for unauthorized copying, or site and facilities for known infringing activity, including copying, publishing, labeling, and distributing the counterfeit Barton System Materials for sale by the other Defendants, and each of them, including Does 1–10.

50. The acts of contributory copyright infringement, and each of them, contributed to the harm from the direct infringement suffered by Plaintiff Barton.

51. The acts of contributory copyright infringement, and each of them, were willful, such that the award of monetary damages should be increased in the Court's discretion.

## SIXTH CLAIM FOR RELIEF

## Vicarious Copyright Infringement

52. Plaintiffs incorporate by reference the allegations from Paragraphs 1–51 as if set forth in full and at length here.

53. Plaintiff Barton is the owner of registered federal copyrights which have been directly infringed as alleged above.

54. Certain Doe Defendants and Roe corporation Defendants, and each of them, are vicariously liable for the infringement by profiting directly from the infringement and/or having the right or ability to supervise the direct infringers, and each of them.

55. The acts of vicarious copyright infringement, and each of them, contributed to the harm from the direct infringement suffered by Plaintiff Barton.

56. The acts of vicarious copyright infringement, and each of them, were willful, such that the award of monetary damages should be increased in the Court's discretion.

## PRAYER FOR RELIEF

Plaintiffs prays for judgment against Defendants, and each of them, jointly and severally as follows:

1. On the First Claim for Relief for Trademark Counterfeiting, for restitution according to proof or an award of up to $2 million in statutory damages per counterfeit mark, per type of goods sold, offered for sale, or distributed and for discretionary attorneys' fees, or for treble damages and for mandatory attorneys' fees; for seizure and impounding goods and counterfeit marks involved in the counterfeiting violations as well as the means of making such marks and records documenting the manufacture, sale, or receipt of things involved;

2. On the Second Claim for Relief for Trademark Infringement, for temporary, preliminary, and permanent injunctions during this action and permanently against infringing the trademarks of Plaintiff in any manner and from selling or advertising any goods or services under the Barton Marks, or using any of the Barton Marks in commerce; for impounding and destruction of infringing articles; for an accounting of Defendants' profits, for an award of Defendants' profits or Plaintiff's actual damages, according to proof; for treble damages for willful infringement;

3. On the Third Claim for Relief for Contributory Trademark Infringement, for temporary, preliminary, and permanent injunctions during this action and permanently against infringing the trademarks of Plaintiff in any manner and from selling or advertising any goods or services under the Barton Marks, or using any of the Barton Marks in commerce; for impounding and destruction of infringing articles; for an accounting of Defendants' profits, for an award of Defendants' profits or Plaintiff's actual damages, according to proof; for treble damages for willful infringement;

4. On the Fourth Claim for Relief for Copyright Infringement, for temporary, preliminary, and permanent injunctions during this action and permanently against infringing the copyrights of Plaintiff in any manner, and from publishing, selling, marketing, or otherwise disposing of any copies of or materials from any level of the Barton Reading & Spelling System; for impounding and destruction of infringing articles; for an accounting by Defendants of all gains, profits, and advantages derived by infringement of Plaintiff's copyrights and for actual damages according to proof, or statutory damages as allowed by the Copyright Act, and for increase of the monetary award for willful infringement;

5. On the Fifth Claim for Relief for Contributory Copyright Infringement, for temporary, preliminary, and permanent injunctions during this action and permanently against infringing the copyrights of Plaintiff in any manner, and from publishing, selling, marketing, or otherwise disposing of any copies of or materials from any level of the Barton Reading & Spelling System; for impounding and destruction of infringing articles; for an accounting by Defendants of all gains, profits, and advantages derived by infringement of Plaintiff's copyrights and for actual damages according to proof, or statutory damages for each separate and independent work infringed as allowed by the Copyright Act, and for increase of the monetary award for willful contributory copyright infringement;

6. On the Sixth Claim for Relief for Vicarious Copyright Infringement, for temporary, preliminary, and permanent injunctions during this action and permanently against infringing the copyrights of Plaintiff in any manner, and from publishing, selling, marketing or otherwise disposing of any copies of or materials from any level of the Barton Reading & Spelling System; for impounding and destruction of infringing articles; for an accounting by Defendants of all gains, profits, and advantages derived by infringement of Plaintiff's copyrights and for actual damages according to proof, or statutory damages for each separate and independent work infringed as allowed by the Copyright Act, and for increase of the monetary award for willful vicarious copyright infringement;

7. For prejudgment interest, attorneys' fees, and costs of suit as allowed by law; and

8. For such other and further relief as the Court may find just and appropriate.

Date: April 8, 2015                COMPUTERLAW GROUP LLP

By: _____/s/ Jack Russo_____

Jack Russo
Christopher Sargent
Attorneys for Plaintiffs Bright Solutions for Dyslexia, Inc. and Susan Barton

//
//
//

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues which may be tried by a jury.

Date: April 8, 2015            COMPUTERLAW GROUP LLP

By:     */s/ Jack Russo*
        Jack Russo
        Christopher Sargent
        Attorneys for Plaintiffs Bright Solutions for Dyslexia, Inc. and Susan Barton

**Computerlaw Group LLP**
www.computerlaw.com[sm]