UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGHT SOLUTIONS FOR DYSLEXIA, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DOE 1 A.K.A. MARCUS LEE,<br><br>Defendant. | Case No. 15-cv-01618-JSC<br><br>**ORDER RE: EX PARTE APPLICATION FOR EXPEDITED DISCOVERY AND PRESERVATION ORDER**<br><br>Re: Dkt. No. 14 |

Plaintiffs Bright Solutions for Dyslexia, Inc., ("Bright Solutions") and Susan Barton ("Barton," and together, "Plaintiffs"), filed suit against Doe 1 a.k.a. "Marcus Lee," and a number of other individual Doe Defendants and Roe entities (collectively, "Defendants"), alleging trademark counterfeiting, trademark infringement, copyright infringement, and vicarious and contributory copyright infringement. (Dkt. No. 1.) Now pending before the Court is Plaintiffs' ex parte application for expedited discovery and for an order directing third parties to preserve evidence. (Dkt. No. 14.) The Court finds the requests suitable for disposition without oral argument, *see* Civ. L.R. 7-1(b), and VACATES the hearing set for August 20, 2015. For the reasons discussed below, the Court ORDERS Plaintiffs to make a supplemental filing.

## BACKGROUND

Barton is the founder and chief executive officer of Bright Solutions, and also author and owner of the copyrighted Barton Reading & Spelling System ("Barton System"), a program and course materials for instructing dyslexic students in literacy. (Dkt. No. 14-2 ¶¶ 1, 3.) Barton owns registered copyrights for a number of course materials used in the Barton System. (*Id.* ¶ 8 & Ex. 1.) In addition, Bright Solutions owns two trademarks associated with the materials and Barton owns a third. (*Id.* ¶ 9 & Ex. 2.)

This action also involves three third-party entities.  Third party Google, Inc. ("Google") is a "provider of electronic communication services." *In re Google, Inc. Privacy Policy Litig.*, No. C-12-01382-PSG, 2013 WL 6248499, at *10 (N.D. Cal. Dec. 3, 2013).  Third party eBay, Inc. ("eBay") is "a commerce technology company well known for the online marketplace it operates through its website at www.ebay.com." *Locata LBS, LLC v. Yellowpages.com, LLC*, No. LA CV13-07895 JAK (SHx) *et al.*, 2014 U.S. Dist. LEXIS 81050, at *3 (C.D. Cal. Apr. 18, 2014).  Third party PayPal, Inc. ("PayPal"), a "wholly owned subsidiary of eBay, id s 'payment technology company' that allows payments and transfers of money to be made at its website, www.paypal.com." *Id.*

Plaintiffs allege that in February 2015 Defendant Doe 1, using the eBay username "kingmarco14," listed for sale by eBay auction a set of Barton System materials, including text, software, and titles, which were counterfeit copies of Barton's copyrighted materials.  (Dkt. No. 14-2 ¶¶ 10-13.)  Barton discovered the counterfeit sale when the purchaser, Jacquelyn Lundberg, who had received the materials she purchased from "kingmarco14," called Barton to activate her software but was not listed in Plaintiffs' database of authorized sales, and confirmed the counterfeit nature of the products by their distinct binding and packaging, though it was made to imitate packing for authentic, authorized Barton System materials.  (*Id.* ¶¶ 10-11.)  In conversations with Ms. Lundberg, Barton learned that the eBay seller "kingmarco14" identified himself as "Marcus Lee" and listed his shipping address in Newport, California and his email address "marcuslee@gmail.com[.]" (*Id.* ¶ 13.)  Later in 2015, Plaintiffs discovered five more listings of counterfeit Barton System materials by "kingmarco14" and three completed sales.  (*Id.* ¶ 14; Dkt. No. 14-3 ¶¶ 3-4.)  Barton spoke with two other "kingmarco14" customers in March after they purchased materials from him.  (Dkt. No. 14-2 ¶ 14.)  Plaintiffs sent "takedown" notices pursuant to the Digital Millennium Copyright Act ("DMCA") to eBay regarding the counterfeit listings posted by "kingmarco14," and eBay confirmed removal.  (Dkt. No. 14-3 ¶¶ 4-7 & Exs. 3-7.)

In June 2015 Plaintiffs discovered another posting selling infringing Barton System materials posted by eBay user "nikewatches."  (*Id.* ¶ 8.)  After a takedown notice, eBay confirmed

2

removal of the posting. (*Id.* ¶¶ 9-10 & Exs. 9-10.) The same thing happened in July 2015 with a user named "tryusinghonesty." (*Id.* ¶¶ 11-13 & Exs. 11-13.) The materials posted for sale by "nikewatches" and "tryusinghonesty" use the same binding and packaging as the "kingmarco14" materials that Plaintiffs' authorized printers do not use. (Dkt. No. 14-2 ¶¶ 15-16.) Plaintiffs worry that customers will be dissatisfied with the quality of the unlicensed goods and frustrated with the inability to access support, online software, and other features available to purchasers of authorized sales or resales of the Barton System materials. (*Id.* ¶ 18.)

Plaintiffs' counsel has repeatedly sought to identify "kingmarco14" through his identified name, Marcus Lee, using public records searches, including a Lexis records database of persons named Marcus Lee within 50 miles of Newport Beach, California, as well as Spokeo, which searches social media websites, but have been unable to do so. (Dkt. No. 14-3 ¶ 15.) Plaintiffs' counsel likewise has been unable to determine any identity information for eBay users "nikewatches" and "tryusinghonesty." (*Id.* ¶ 16.) A law clerk working at Plaintiffs' counsel's law firm avers that "companies such as Google, eBay, and PayPal may only retain information deleted from user accounts or in inactive accounts in the ordinary course of business for only a limited time, for example up to six months in the case of Google (barring a court order or other legal requirement to preserve information)." (*Id.* ¶ 17.)

Plaintiffs filed the instant complaint on April 8, 2015. (Dkt. No. 1.) On July 8, 2015, Plaintiffs filed a case management statement indicating that the true identities of Defendants remained unknown to them. (Dkt. No. 12 at 2.) Plaintiffs filed the instant ex parte application for early discovery and preservation orders directed to Google, eBay, and PayPal on August 7, 2015. (Dkt. No. 14.)

**DISCUSSION**

**I.   Early Discovery**

   A.   *Legal Standard*

Federal Rule of Civil Procedure 26(d)(1) requires a court order for discovery if it is requested prior to a Rule 26(f) conference between the parties. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by

3

Rule 26(f), except . . . by court order."). In fashioning Rule 26(d) discovery orders, the district court wields broad discretion. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003).

Generally, courts within the Ninth Circuit apply a "good cause" standard to determine whether to permit such early discovery. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002); *see also G.N. Iheaku & Co. v. Does 1-3*, No. C-14-02069 LB, 2014 WL 2759075, at *2 (N.D. Cal. June 17, 2014) (collecting cases). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice of the responding party." *Id.*

When the identities of defendants are not known before a complaint is filed, a plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). To determine whether there is "good cause" to permit expedited discovery to identify doe defendants, courts commonly consider whether:

> (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible.

*OpenMind Solutions, Inc. v. Does 1-39,* No. 11–3311, 2011 WL 4715200, at *2 (N.D. Cal. Oct.7, 2011) (*citing Columbia Ins. Co.v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999)).

Notably, in internet infringement cases in particular, "courts routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity prior to a Rule 26(f) conference, where a plaintiff makes a *prima facie* showing of infringement, there is no other way to identify the Doe defendant, and there is a risk an ISP will destroy its logs prior to the conference." *UMG Recordings, Inc. v. Doe*, No. C 08-1193 SBA, 2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008) (collecting cases). This is because, in considering "the administration of

4

justice," early discovery avoids ongoing, continuous harm to the infringed party and there is no other way to advance the litigation." *Id.* (citation omitted). Moreover, there is no prejudice to the defendant "where the discovery request is narrowly tailored to only seek their identity." *Id.* (citations omitted).

      B.      *Plaintiffs are Not Entitled to Early Discovery on This Record*

In this internet infringement case, Plaintiffs have only met two of the three elements necessary to obtain expedited discovery.

First, Plaintiffs have made a prima facie showing of infringement. To establish copyright infringement, a plaintiff must allege facts sufficient to establish two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Fiest Pub'n, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Plaintiffs have made this showing by establishing that they own valid copyrights in the Barton System materials and providing screenshots and lists showing Defendants have offered the materials for sale on eBay without their permission. To establish trademark infringement, a plaintiff must allege facts sufficient to show: (1) it has a protectable ownership interest in the mark; and (2) the defendant's use of the mark is likely to cause consumer confusion, mistake, or deception. *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1144 (9th Cir. 2011) (citation omitted). Plaintiffs have likewise made this showing by establishing that they own valid trademarks in the Barton Systems mark and that consumers are likely to be misled into thinking they have access to the online system associated with the Barton System as a whole when they do not. In fact, Barton's declaration indicates that consumers have already been confused about the origin of the counterfeit products they purchased, contacting Barton after purchasing the materials online. Thus, Plaintiffs have met the first element of good cause for expedited discovery in an internet infringement case.

Plaintiffs have also adequately alleged the third element: the risk that eBay, PayPal, and Google could destroy the account information for these users absent expedited discovery as it is their usual practice to destroy information deleted from user accounts after a certain number of months rather than saving and storing the information on backup drives. Plaintiffs have therefore met the third element of good cause for expedited discovery in an internet infringement action.

But Plaintiffs have not met the second element—that Plaintiffs cannot discover the identities of the alleged infringers—"kingmarco14," "nikewatches," and "tryusinghonesty"—other than by expedited discovery. *See UMG Recordings, Inc.*, 2008 WL 4104214, at *4; *see also Columbia Ins. Co.*, 185 F.R.D. at 579 (noting that prior to seeking early discovery, a plaintiff must demonstrate that it has "ma[d]e a good faith effort to comply with the requirements of service of process and specifically identif[y] defendants"). For example, in *Columbia*, the plaintiff sought leave to conduct early discovery to learn the identity of the owners or operators of certain domain names. *Id.* The court found that the plaintiff had made a sufficient good faith effort to identify the unknown defendant where plaintiff's counsel called the phone numbers listed in an online directory and sent email and hardcopies of the pending pleadings to the contact information listed on that directory. *Id.*

The state of the record precludes the Court from finding that Plaintiffs have made similar efforts here. While Plaintiffs have alleged that they ran public record searches to discover the identities of Defendants using their eBay usernames, but were unable to do so, and that searches of "Marcus Lee" within 50 miles of the shipping address that "kingmarco14" gave his customer yielded no results, this argument puts the cart before the proverbial horse. Specifically, Barton avers that she had conversations with customers who purchased the counterfeit materials from "kingmarco14" and at least one such customer—Ms. Lundberg—shared that user's shipping address with Barton. (Dkt. No. 14-2 ¶ 13.) The Barton Declaration does not indicate whether that customer has or provided her with the full shipping address, but Plaintiff at least bears the burden of determining whether Ms. Lundberg has the full shipping address and thus information that could lead to the identity of the infringer. *See Columbia Ins. Co.*, 185 F.R.D. at 579; *cf. Skout, Inc. v. Jen Processing, Ltd.*, No. 14-cv-02341-JSC, 2014 WL 3897166, at *3 (N.D. Cal. Aug. 7, 2014) (denying plaintiff's request for expedited discovery where the record indicated that the plaintiff had failed to make any effort to identify the doe defendants through the contact information to which it had access). The Barton Declaration is likewise silent as to whether the other two customers provided, or Plaintiffs even sought, the complete shipping address for "kingmarco14" in an effort to identify the infringer using that address. (Dkt. No. 14-2 ¶ 14.) It

6

may well be that the customers transacted with "kingmarco14" solely online and had no other information about the user's shipping address aside from the listed city of origin for the materials. But the record before the Court is unclear. The Court therefore reserves ruling on the application for early discovery to allow Plaintiffs to supplement the application to provide further information about whether the customers who contacted Barton had a complete shipping address for "kingmarco14" and, if so, what efforts Plaintiffs have made to discover the identity of the infringer through such information.

## CONCLUSION

For the reasons discussed above, the Court reserves ruling on the application for expedited discovery. Plaintiffs shall supplement the application to provide information about the concerns discussed above on or before **August 27, 2015**. The Court will address Plaintiffs' request for a preservation order at that time.

**IT IS SO ORDERED.**

Dated: August 13, 2015

JACQUELINE SCOTT CORLEY
United States Magistrate Judge