UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGHT SOLUTIONS FOR DYSLEXIA, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> DOE 1 A.K.A. MARCUS LEE, <br><br> Defendant. | Case No. 15-cv-01618-JSC <br><br> **ORDER GRANTING EX PARTE APPLICATION FOR EXPEDITED DISCOVERY AND PRESERVATION ORDER** <br><br> Re: Dkt. No. 14 |

Plaintiff Bright Solutions for Dyslexia, Inc. ("Bright Solutions") and Susan Barton ("Barton," and together "Plaintiffs"), filed suit against Doe 1 a.k.a. "Marcus Lee," and a number of other individual Doe Defendants and Roe entities (collectively, "Defendants"), alleging trademark counterfeiting, trademark infringement, copyright infringement, and vicarious and contributory copyright infringement. (Dkt. No. 1.) Now pending before the Court is Plaintiffs' ex parte application for expedited discovery and for an order directing third parties to preserve evidence. (Dkt. No. 14.) The Court initially reserved ruling on Plaintiffs' application and ordered Plaintiffs to submit a supplemental filing. *See Bright Solutions for Dyslexia, Inc. v. Doe 1*, No. 15-cv-01618-JSC, 2015 WL 4776113, at *4 (N.D. Cal. Aug. 13, 2015). Plaintiffs have now done so. (Dkt. No. 16.) Having considered the facts set forth in that supplemental filing, and the governing law, the Court GRANTS Plaintiffs' application for expedited discovery and a preservation order.

**DISCUSSION**

**I.   Plaintiffs are Entitled to Expedited Discovery**

Plaintiffs seek expedited discovery to determine the identity of the Doe 1 a.k.a. "Marcus Lee," who allegedly has been selling Plaintiffs' copyrighted and trademarked materials to various

1  customers on eBay with the username "kingmarco14," "nikewatches," and "tryusing honesty," has
2  used PayPal for the transactions, and gave at least one customer a Google email address.  As set
3  forth in the Court's initial order reviewing Plaintiffs' application, courts in the Ninth Circuit will
4  permit expedited discovery upon a showing of good cause, which may be found "where the need
5  for expedited discovery, in consideration of the administration of justice, outweighs the prejudice
6  of the responding party." *Bright Solutions for Dyslexia, Inc.*, at \*2 (citing *Semitool, Inc. v. Tokyo
7  Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)).  And specifically in internet
8  infringement cases, "courts routinely find good cause exists to issue a Rule 45 subpoena to
9  discovery a Doe defendant's identity prior to a Rule 26(f) conference, where a plaintiff makes a
10 *prima facie* showing of infringement, there is no other way to identify a Doe defendant, and there
11 is a risk an ISP will destroy its logs prior to the conference." *UMG Recordings, Inc. v. Doe*, No. C
12 08-1193 SBA, 2008 WL 4104214, at \*4 (N.D. Cal. Sept. 3, 2008) (collecting cases).

13         The Court concluded that Plaintiffs met the first and third elements by making a prima
14 facie showing of infringement and alleging sufficient facts to demonstrate the third party entities at
15 issue (eBay, PayPal, and Google) "could destroy information deleted from user accounts after a
16 certain number of months rather than saving and storing the information on backup drives."
17 *Bright Solutions for Dyslexia, Inc.*, 2015 WL 4776113, at \*3.  But the Court concluded that, on the
18 current record, Plaintiffs had not met the second element—that Plaintiffs could not discover the
19 identities of the alleged infringers through means other than expedited discovery.  *Id.* at \*4.  The
20 record indicated that Plaintiff Barton had spoken with several customers who purchased the
21 infringing materials who indicated that the infringer's shipping address was in Newport Beach,
22 California.  But the record was not clear whether those customers had or provided Barton with the
23 infringer's full shipping address, which would have been information that could lead to the
24 identity of the infringer.  *Id.* (citations omitted); *see Columbia Ins. Co. v. seescandy.com*, 185
25 F.R.D. 573, 579 (N.D. Cal. 1999) (noting that prior to seeking early discovery, a plaintiff must
26 demonstrate that it has "ma[d]e a good faith effort to comply with the requirements of service of
27 process and specifically identif[y] defendants"); *see Skout, Inc. v. Jen Processing, Ltd.*, No. 14-cv-
28 02341-JSC, 2014 WL 3897166, at \*3 (N.D. Cal. Aug. 7, 2014) (denying plaintiff's request for

1    expedited discovery where the record indicated that the plaintiff had failed to make any effort to
2    identify the doe defendants through the contact information to which it had access).
3         Plaintiffs' supplemental filing indicates that the three customers of "kingmarco14" with
4    whom Barton spoke are unable to provide the infringer's full shipping address.  In May 2015 the
5    first purchaser, Jacquelyn Lundberg, wrote in an email to Barton that she "wish[ed] [she] had kept
6    the shipping box [of the infringing materials] to know where it was sent from." (Dkt. No. 16-1 at
7    2.)  It appears that Barton had never asked the second customer if she had the infringer's full
8    shipping address until the Court's August 13 Order; sometime after August 21, 2015, that
9    customer indicated that she was on vacation, would check when she returned home, and
10   "hopefully" would have the address.  (*Id.* at 5.)  But it appears that no information has been
11   provided to date.  The third customer has not responded to Barton's inquiries.  (Dkt. No. 16 ¶ 3.)
12   Thus, none of the "kingmarco14" customers have been able to provide Plaintiffs with a complete
13   shipping address for that user, so unlike the plaintiffs in *Skout*, Plaintiffs here have no recourse to
14   determine the infringer's identity without expedited discovery.  *Cf. Skout, Inc.*, 2014 WL 3897166,
15   at *3.
16        Plaintiffs have therefore met their burden of establishing all three elements for expedited
17   discovery in this internet infringement case.  *See UMG Recordings, Inc.*, 4204214, at *4.  As the
18   requested discovery is narrowly tailored to only seek the identity of the alleged infringers, the
19   expedited discovery sought aids in the administration of justice and will not prejudice Defendants.
20   *See id.* (citations omitted).  Plaintiffs are therefore entitled to expedited discovery.

21   **II.**   **Plaintiffs are Entitled to a Preservation Order**
22        Plaintiffs are also entitled to a preservation order directing eBay, PayPal, and Google to
23   preserve account information for the alleged infringers and information pertaining to any other
24   sale of the copyrighted materials.
25        Once a complaint is filed, parties to a lawsuit are "under a duty to preserve evidence that is
26   relevant or could reasonably lead to the discovery of admissible evidence." *Echostar Satellite*
27   *LLC v. Freetech, Inc.*, No. C-07-06124 JW, 2009 WL 8399038, at *2 (N.D. Cal. Jan. 22, 2009)
28   (citation omitted); *see Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006); *Nat'l Ass'n of*

*Radiation Survivors v. Turnage*, 115 F.R.D. 543, 566-67 (N.D. Cal. 1987). "This obligation, backed by the court's power to impose sanctions for the destruction of such evidence, is sufficient in most cases to secure the preservation of relevant evidence." *Young v. Facebook, Inc.*, No. No. 5:10-cv-03579-JF/PVT, 2010 WL 3564847, at *1 (N.D. Cal. Sept. 13, 2010). Here, however, Plaintiffs seek a preservation order to enjoin third party entities from destroying evidence related to the Doe Defendants' identities.

Courts must exercise restraint in using their inherent authority to issue preservation orders. *See Am. Legalnet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009). Before a preservation order is implemented, there must be some showing of a significant concern that potentially relevant evidence will be destroyed causing harm to the opposing party. *See id.* (citations omitted); *see also Jardin v. Datallegro, Inc.*, No. 08-cv-1462, 2008 WL 4104473, at *2 (S.D. Cal. Sept. 3, 2008). In determining whether a preservation order is necessary to reinforce a party's pre-existing duty to preserve evidence, courts have considered:

> (1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; (2) any irreparable harm likely to result to the party seeking the preservation of the evidence absent an order directing preservation; and (3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved.

*Echostar Satellite LLC*, 2009 WL 8399308, at *2 (citation omitted); *see also Jacobs v. Scribner*, No. 1:06-cv-01280-AWI-NEW (DLB) PC, 2007 WL 1994235, at *1 (E.D. Cal. July 5, 2007) (same). Notably, given that it is a party-litigant who is under a duty to preserve evidence it reasonably should know is relevant to an action, *see Leon*, 464 F.3d at 959; *Echostar Satellite LLC*, 2009 WL 8399308, at *2; *Nat'l Ass'n of Radiation Survivors*, 115 F.R.D. at 566-67, preservation orders are generally directed to party-litigants. But unlike litigants, third-party entities have no duty to preserve absent a court order.

Turning to the factors, Plaintiffs have established that, based on their prior experience with eBay, PayPal, and Google and those entities' regular business practices, user data is routinely destroyed within months after a user deletes that information. (Dkt. No. 14-3 ¶ 17.) Plaintiffs have met the second factor: because Plaintiffs need the user-identity data from eBay, PayPal and

Google to identify Defendants, they will be irreparably harmed by those entities' failure to preserve subscriber information because they will be unable to serve Defendants and stop the infringement.  Further, beyond the identity of the Defendants, these entities' information about the sale of the copyrighted and trademarked material is likely necessary evidence of infringement, which will be crucial once Defendants have been served and the case proceeds on the merits.  Finally, the Court is satisfied that these entities have the capabilities to maintain the information at issue here, particularly as the request is limited to a narrow set of data—namely, those related to accounts selling the copyrighted materials.

All three factors courts usually consider in determining whether a preservation order is necessary to reinforce a *party*'s duty to preserve evidence are present.  *See Echostar Satellite LLC*, 2009 WL 8399308, at *2; *see also Jacobs*, 2007 WL 1994235, at *1.  The need for such order is all the more pressing here, where the entities that have the information Plaintiffs need are not parties and thus have no duty to preserve absent a court order.  Plaintiffs are therefore entitled to a preservation order directing eBay, PayPal, and Google to preserve documents, data, and records relating to the sale of the infringing material at issue here.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's request for expedited discovery and for a preservation order.

This Order disposes of Docket No. 14.

**IT IS SO ORDERED.**

Dated: September 1, 2015

JACQUELINE SCOTT CORLEY
United States Magistrate Judge