United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGHT SOLUTIONS FOR DYSLEXIA, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MARCUS LEE, et al.,<br><br>Defendants. | Case No. 15-cv-01618-JSC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR SERVICE BY EMAIL AND PUBLICATION**<br><br>Re: Dkt. No. 49 |

Plaintiffs Bright Solutions for Dyslexia, Inc., ("Bright Solutions") and Susan Barton ("Barton," and together, "Plaintiffs"), filed suit against Doe 1 a.k.a. "Marcus Lee," and a number of other individual Doe Defendants and Roe entities (collectively, "Defendants"), alleging trademark counterfeiting, trademark infringement, copyright infringement, and vicarious and contributory copyright infringement. (Dkt. No. 1.) Now pending before the Court is Plaintiffs' motion for service by email and publication. (Dkt. No. 49.) After carefully considering the papers submitted, the Court concludes that oral argument is unnecessary. For the reasons set forth below, the Court GRANTS Plaintiffs' Motion for Service by Email and Publication.

**BACKGROUND**

Barton is the founder and chief executive officer of Bright Solutions, and also author and owner of the copyrighted Barton Reading & Spelling System ("Barton System"), a program and course materials for instructing dyslexic students in literacy. (Dkt. No. 14-2 ¶¶ 1, 3.) Barton owns registered copyrights for a number of course materials used in the Barton System. (*Id*. ¶ 8 & Ex. 1.) In addition, Bright Solutions owns two trademarks associated with the materials and Barton owns a third. (*Id*. ¶ 9 & Ex. 2.)

Plaintiffs allege that in February 2015 Defendant Doe 1, using the eBay username

United States District Court
Northern District of California

"kingmarco14," listed for sale by eBay auction a set of Barton System materials, including text, software, and titles, which were counterfeit copies of Barton's copyrighted materials. (Dkt. No. 14-2 ¶¶ 10-13.) Barton discovered the counterfeit sale when the purchaser, Jacquelyn Lundberg, who had received the materials she purchased from "kingmarco14," called Barton to activate her software but was not listed in Plaintiffs' database of authorized sales, and confirmed the counterfeit nature of the products by their distinct binding and packaging. (*Id*. ¶¶ 10-11.) In conversations with Ms. Lundberg, Barton learned that the eBay seller "kingmarco14" identified himself as "Marcus Lee" and listed his shipping address in Newport, California and his email address "marcuslee@gmail.com[.]" (*Id*. ¶ 13.)

Later in 2015, Plaintiffs discovered five more listings of counterfeit Barton System materials by "kingmarco14" and three completed sales. (*Id*. ¶ 14; Dkt. No. 14-3 ¶¶ 3-4.) Barton spoke with two other "kingmarco14" customers after they purchased materials from him. (Dkt. No. 14-2 ¶ 14.) Plaintiffs sent "takedown" notices pursuant to the Digital Millennium Copyright Act ("DMCA") to eBay regarding the counterfeit listings posted by "kingmarco14," and eBay confirmed removal. (Dkt. No. 14-3 ¶¶ 4-7 & Exs. 3- 7.)

Plaintiffs have attempted to locate Defendants but have been unsuccessful. (Dkt. No. 14-2 ¶ 15.) Plaintiffs served subpoenas on several third parties, including eBay, Goggle Inc., and PayPal Inc. regarding the kingmarco14 eBay account. (Dkt. No. 49-2 ¶ 2.) Plaintiffs obtained Defendants' email addresses and third party accounts and traced the Google IP address to Irvine CA. (*Id*. ¶¶ 3-5.) Plaintiffs' counsel confirmed this Irvine location using various geolocators. (*Id*. ¶ 5.) Plaintiffs sent process servers to the Newport Beach and Garden Grove addresses associated with the eBay accounts and the Irvine and Santa Ana addresses that Plaintiffs' counsel obtained via geolocators research. (*Id*. ¶¶ 4-6, 10.) Plaintiffs also hired private investigators to communicate with and track down Marcus Lee. (*Id*. ¶¶ 7, 11.) Finally, Plaintiffs attempted to find Defendants using Lexis public records name searches and social media accounts, but were unsuccessful. (*Id*. ¶ 16.)

Plaintiffs believe Defendants may have returned to China in July 2016. (Dkt. No. 49-5 ¶ 11.) Plaintiffs seek to serve Defendants by email, and request leave to serve Defendants by

2

publication as the last resort.

**DISCUSSION**

**A. Service By Email On Foreign Defendants**

Service of a complaint in federal court is governed by Federal Rule of Civil Procedure ("Rule") 4. Rule 4(f)(3) permits service on individuals in a foreign country as follows: "Unless federal law provides otherwise, an individual ... may be served at a place not within any judicial district of the United States: ... (3) by other means not prohibited by international agreement, as the court orders." Fed.R.Civ.P. 4(f)(3). It is left "to the sound discretion of the district court the task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." *Rio Properties, Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1016 (9th Cir. 2002). The Ninth Circuit has approved service on foreign defendants by email pursuant to Rule 4(f)(3) where the defendants were either unreachable by other means or had no known physical address. *Id.* at 1017. To satisfy constitutional norms of due process, the alternative method of service must be "reasonably calculated, under all the circumstances, to apprise the interested parties of the action and afford them an opportunity to present their objections." *Id.* at 1016. Thus, to establish that service by email is appropriate, a plaintiff must show: (1) that service by email is "reasonably calculated to provide actual notice" to the defendant; and (2) an international agreement does not prohibit such service. *Id.* at 1014, 1016.

*1. Service by Email Is "Reasonably Calculated to Provide Actual Notice" to Foreign Defendants.*

Service by email is reasonably calculated to provide actual notice. First, Defendants are involved in commercial internet activities. Defendants registered eBay, PayPal, and Google internet domain names which Plaintiffs allege were used for commercial purposes. (Dkt. No. 49-2 ¶ 2-4.) *See Facebook, Inc. v. Banana Ads, LLC,* No. C 11 3619 YGR, 2012 WL 1038752, at *2 (N.D. Cal. 2012) (service of process by email proper where plaintiffs had valid email address for defendants and defendants were involved in commercial internet activities). Second, Defendants rely on electronic communications to operate their business. Defendants used the same Google email address to set up eBay and PayPal accounts, sold allegedly counterfeit products on the eBay

3

platform, and received payments via PayPal. (*Id*. ¶ 2-4, 9, 11.) *See D. Light Design, Inc. v. Boxin Solar Co., Ltd.*, No. C 13 5988 EMC, 2015 WL 526835, at *3 (N.D. Cal. February 6, 2015) (service of process by email proper where plaintiffs relied on electronic communications and payments to operate their businesses). Plaintiffs sent test messages to the Gmail address used to create both the eBay and PayPal accounts. (*Id*. ¶ 3, 18.) Plaintiffs did not receive any errors from the "marcuslee215" or "shurley757" addresses. (*Id*. ¶ 18.) *See Goes Int'l, AB v. Dodus Ltd.*, No. 14 CV 5666 LB, 2015 WL 1743393, at *3 (N.D. Cal. April 16, 2015) (service of process by email proper where plaintiff sent test emails to address and did not receive notification they were not delivered). Finally, Plaintiffs demonstrated that attempts to serve Defendants at physical addresses proved unsuitable. (Dkt. No. 49-2 ¶ 6.) Based on the foregoing, service by email appears to be not only reasonably calculated to provide actual notice to Defendants but the method most likely to apprise Defendants of the action.

*2. International Agreement Does Not Prohibit Email Service*

Defendants appear to be located in China, which is a party to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163. Article 1 of the Hague Convention states, "this Convention shall not apply where the address of the person to be served with the document is not known." Art. 1, 20 U.S.T. 361, 658 U.N.T.S. 163. Defendants' physical address remains unknown, therefore the Hague Convention does not apply. *See United States v. Distribuidora Batiz CGH, S.A. De C.V.,* No. 07cv370–WQH–JMA, 2011 WL 1561086, at *5 (S.D. Cal. 2011) (holding the Hague Convention does not apply when an address is unknown); *see also Liberty Media Holdings, LLC. v. Sheng Gan,* No. 11 CV 02754 MSK KMT, 2012 WL 122862, at *3 (D. Colo. 2012) (holding that the Hague Convention does not apply to defendant who lived in China and whose address was unknown). Absent the Hague Convention, it is not apparent that any international agreement applies in this case. Therefore, an international agreement does not prohibit service of process by email. *See Rio Properties,* 284 F.3d at 1014.

**B. Service By Publication**

Plaintiffs seek permission to serve Defendants by publication in the event service by email

1   is unsuccessful. Plaintiffs are unable to confirm whether Marcus Lee, Sherry Hurley, and Samuel Zhao are the same person operating under different names, and therefore seek to serve Defendants as separate individuals. Rule 4(e)(1) allows for service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." California Code of Civil Procedure § 415.50 provides that "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that," and as relevant here, "[a] cause of action exists against the party." Thus, if the requirements of § 415.50 are met in this case, Plaintiffs may use the method of service described by § 415.50 under Rule 4(e)(1).

The main question for the Court, therefore, is whether Defendant "cannot with reasonable diligence be served in another manner" pursuant to California law. "The term 'reasonable diligence' ... denotes a thorough systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Watts v. Crawford,* 10 Cal.4th 743, 749 n.5 (1995). Because of due process concerns, service by publication must be allowed "only as a last resort." *Donel, Inc. v. Badalian,* 87 Cal.App.3d 327, 332 (1978).

The affidavits accompanying Plaintiffs' motion demonstrate that Plaintiffs have used reasonable diligence in attempting to serve Defendants. Plaintiffs served subpoenas on several third parties, obtained Defendants' email addresses and third party accounts, traced the Google IP address to Irvine CA, confirmed this Irvine location using various geolocations, and sent process servers to the North Beach, Garden Grove, Irvine, and Santa Ana addresses. (Dkt. No. 49-2 ¶ 2-6, 10.) Plaintiffs also hired private investigators, used Lexis public records name searches, and searched for social media accounts, but were unsuccessful in finding Defendants. (*Id*. ¶ 7-11, 16.)

Plaintiffs have met the requirements of § 415.50 and are therefore entitled to effectuate service by publication "in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served." Cal. Civ. Pro. Code. § 4150.50(b).

**CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for service by email and publication is GRANTED. Plaintiffs must first attempt service by email. Plaintiffs are granted leave to serve Defendants Marcus Lee and Samuel Zhao at address "marcuslee215@gmail.com" and Defendant Sherry Hurley at "sherley757@gmail.com." Plaintiffs have four weeks from the date of this order to attempt service by email.

In the event service by email is unsuccessful, Plaintiffs may attempt service by publication. Publication for Marcus Lee, Sherry Hurley, and Samuel Zhao shall be made in the *Los Angeles Times* and the *Orange County Register* once a week for four weeks. Plaintiffs have ten weeks from the date of this order to complete service by publication.

This order does not preclude service upon Defendants in any other manner specified in the California Code of Civil Procedure § 415.10 through § 415.30.

The Court will hold a further Case Management Conference on August 10, 2017 at 1:30 p.m. An updated case management conference statement is due one week before the conference.

**IT IS SO ORDERED.**

Dated: May 11, 2017

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge